# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60719
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2018

Lyle W. Cayce
Clerk

ENTERGY MISSISSIPPI, INCORPORATED,

      Plaintiff - Appellee

v.

MARQUETTE TRANSPORTATION COMPANY, L.L.C.;
BLUEGRASS MARINE, L.L.C.,

      Defendants – Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-879

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    A barge being pushed down the Mississippi River by a tow boat came loose and hit a mooring dolphin structure, which is "a cluster of closely driven piles used as a fender for a dock or as a mooring or guide for boats." Entergy Mississippi, which operates the dock as part of a fuel unloading facility near Vicksburg, filed this maritime suit seeking the cost of repairs from the owner

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60719

(Marquette Transportation) and operator (Bluegrass Marine) of the tow boat. The district court found the Defendants liable at the summary judgment stage and after trial awarded damages of just over $1 million.  Defendants assert the following grounds for reversal: (1) they should not have been liable because the dolphin was unpermitted, (2) it was error to allow Entergy to amend its pleading to increase the amount of damages sought, (3) the court should not have used the damages amount from a related state suit, and (4) the prejudgment interest was excessive. Finding no error, we AFFIRM.

## I.

The towboat (also called a push boat) M/V ROBERT E. FRANE was towing several barges down the Mississippi in high water conditions.  The current took the towboat and barges off their intended path, and the tow allided with the Vicksburg Bridge, which knocked several barges loose.  The impact with the bridge caused one of the barges to allide with the mooring dolphin outside the property leased by Entergy.  Entergy hired Riverside Construction Company, Inc. to repair the dolphin.  High water on the river prevented repairs from commencing for three years.

Shortly after the repairs began but well before they were completed, Entergy sued Defendants.  Entergy initially claimed damages "in excess of $190,000." Several years into the repair project, Entergy and Riverside realized a mutual mistake about the scope of the repairs; Riverside believed the contract price covered only the removal of the fender from the water and inspection, but Entergy believed the price was for the entire repair including rehanging the damaged fender on the dolphin structure. Entergy moved to join Riverside to this suit, but Defendants successfully opposed.  As a result, the dispute over the cost of repairs between Riverside and Entergy proceeded in state court.

2

No. 17-60719

Repair costs continued to mount, so Entergy was twice allowed to amend its complaint to increase its damages. Defendants unsuccessfully sought summary judgment on the ground that they were not liable because the dolphin was an unpermitted obstruction. The court instead granted Entergy's motion seeking summary judgment on liability.

After those liability rulings in federal court, the state court held a bench trial in the suit between Entergy and Riverside to determine the necessary and reasonable cost of the repairs. That court found the reasonable cost to be $1,005,048.34 and awarded Riverside a judgment for that amount, less money already paid by Entergy. Entergy paid that judgment, and then sought this amount, plus other associated costs, from Defendants in the district court.

The district court conducted a four-day bench trial on damages in September 2016. A year later, it awarded Entergy a judgment for $1,098,372.40 plus prejudgment interest at a rate of eight percent, compounded annually from the date of the loss to the date of the judgment.

## II.

Defendants first challenge the summary judgment ruling rejecting their liability argument. They contend that Entergy's failure to obtain a permit for the dolphin means Defendants are not liable for causing the allision.[1]

The general rule is that "[w]hen an unmanned barge strikes a stationary object such as a dolphin[,] . . . the custodian of the barge has the burden to prove that his negligence was not a proximate cause of the allision." *Pillsbury Co. v. Midland Enters., Inc.*, 715 F. Supp. 738, 758 (E.D. La. 1989) (citing *Koch-Ellis Marine Contractors v. Sewerage & Water Bd. Of New Orleans*, 218 F.2d

---

[1] Entergy contends that the issue of permitting may not be appealed because it was not raised in the pretrial order. But because the court had already rejected the defense as a matter of law, Defendants did not need to engage in the futile step of raising the issue again as part of the trial. *See Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 655 (5th Cir. 2017).

at 772 & n.3 (5th. Cir. 1955)), *aff'd,* 904 F.2d 317 (5th Cir. 1990).   That describes this incident, but Defendants cite the *Pennsylvania* rule, which can shift the burden to Entergy. The *Pennsylvania* rule applies when the stationary object is not authorized to be in the water, in which case the party violating the statute must "show not only that its conduct was not a contributing cause of the collision, but that it could not have been a cause of the collision." *Fla. E. Coast Ry. Co. v. Revilo Corp.,* 637 F.2d 1060, 1064 (5th Cir. 1981) (citing *The Pennsylvania,* 86 U.S. 125, 138 (1873)). The *Pennsylvania* rule applies whether the object struck is a bridge or a vessel. *Fla. E. Coast Ry. Co.,* 637 F.2d at 1064.

Defendants contend that Entergy violated the Rivers and Harbors Act of 1899, 33 U.S.C. § 403 (2012), by having unpermitted dolphins in the river. The Act expressly prohibits any structures, including dolphins, from being built "except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army." 33 U.S.C. § 403. Defendants presented permits obtained from the Army Corps of Engineers pertaining to the property going back to 1965.  None of them explicitly cover the dolphin fender system.  *See id.*

Contrary to Defendants' assertion, the district court did assume *The Pennsylvania* applied and shifted the burden to Entergy.  It held that "[e]ven if the [Corps] never condoned the dolphin fender system, the *Pennsylvania* rule will not shield the defendants for their negligent actions." This is because the crew of the M/V ROBERT E. FRANE was aware of the dolphin's existence and location, and Defendants provided no evidence that the dolphin "actually obstructed navigation, that it was inherently dangerous, or that any change in its design or placement would have prevented the collisions."  *Dow Chem. Co. v. Dixie Carriers, Inc.,*  463 F.2d 120, 122 (5th Cir. 1972).   The allision was caused by the M/V ROBERT E. FRANE's previous allision with the Vicksburg

No. 17-60719

Bridge; the captain of the ship admitted as much. The district court properly held Defendants liable. *Id.*

## III.

Defendants next argue that the district court abused its discretion in allowing Entergy to twice amend its complaint to increase the amount of damages it sought. It is not clear that Entergy even had to amend as the original complaint requested damages "in excess of $190,000." But assuming Entergy needed to increase the amount it sought, the district court did not err in allowing it to do so. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The leave should be granted "unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) (citations omitted). There was good reason for the amendment as Entergy and Riverside had a misunderstanding about the scope of the repairs and river conditions substantially delayed the start of the work.

## IV.

Defendants raise a couple challenges to the damages award. They first argue it was improper to rely on the state court's determination of the reasonable cost of repairs. We do not have to decide the application of issue preclusion because the district court noted after its review of the evidence that it would reach the same result even if not legally bound by the state court ruling. We find no clear error in that determination. *See Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401, 405 (5th Cir. 1982) (noting that damage awards are reviewed for clear error).

The district court also did not err in refusing to deduct depreciation from its award. "[W]here the repairs do not extend the useful life of the property as it existed just before the collision, there should be no deduction for

depreciation." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (quoting *Freeport Sulphur Co. v. S.S. Hermosa*, 526 F.2d 300, 305-06 (5th Cir. 1976)). The repaired portion of Entergy's dolphin fender system will still need to be replaced whenever the whole structure is replaced; the new materials used to repair the dolphin thus did not change the time frame of that replacement. Depreciation was not required.

## V.

Defendants' final argument is that the district court erred in awarding prejudgment interest from the date of the allision. "[I]nterest from the date of loss has long been allowed, of course, in admiralty for property loss." *Alcoa S.S. Co. v. Charles Ferran & Co.*, 443 F.2d 250, 256 (5th Cir. 1971) (internal quotations omitted). The award of interest is, however, ultimately a matter of discretion. *Id.* Even if there were reasons that might have allowed the trial court to limit the time period for prejudgment interest, we find no abuse of discretion in its following the normal rule.[2]

\* \* \*

The judgment of the district court is AFFIRMED.

---

[2] Entergy requests sanctions against Defendants. This appeal does not rise to the level of frivolity that warrants sanctions under Fed. R. App. P. 38.